UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGEL RIVERA,                     )

                                         )

                       Plaintiff,          )

                                         )

         -against-              )

                                         )

CITY OF NEW YORK; NEW YORK CITY    )
POLICE DEPARTMENT ("NYPD"); OFFICE OF  )
THE SPECIAL NARCOTICS PROSECUTOR   )
FOR THE CITY OF NEW YORK; ASSISTANT  )
DISTRICT ATTORNEY KATHERINE GORA;  )
SUPERVISING ASSISTANT DISTRICT      )
ATTORNEY LISA DE PASQUALE; NYPD    )
DETECTIVE LEANDRO CASTRO, Shield No.  )
02345; NYPD DETECTIVE ALVIN         )
ROUNTREE, Shield No. 6143; NYPD      )
LIEUTENANT CHRISTOPHER FASANO;    )
NYPD DETECTIVE DORIS LOPEZ, Shield No. )
10038; NYPD SERGEANT DOMINICK     )
DESIERVI, Shield No. 03672; NYPD CAPTAIN )
GEORGE PIETROPINTO; NYPD SERGEANT  )
HIRAM NIEVES, Shield No. 02446; NYPD   )
DETECTIVE WILLIAM MARTIN, Shield No.  )
04854; NYPD DETECTIVE (retired) EMILIO  )
BERMONTY, Shield No. 07933; NYPD      )
DETECTIVE JOSEPH TOWNSEND, Shield No. )
05433; NYPD DETECTIVE "FNU" [First Name )
Unknown] MACDONALD; NYPD DETECTIVE )
BIAGIO SANTANGELO, Shield No. 07734;   )
NYPD DETECTIVE (retired) ERIC CHAN, Shield )
No. 00090; NYPD DETECTIVE NELSON    )
PINELA, Shield No. 04915; NYPD DETECTIVE )
BRIAN O'KEEFE, Shield No. 04914; UNITED )
STATES HOMELAND SECURITY AGENT    )
MIKE YUN; UNITED STATES HOMELAND  )
SECURITY AGENT ROBERT DUNN; JOHN   )
DOES; and RICHARD ROES,           )

                                         )

                       Defendants.    )
---------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

19 Civ. 6391 (ER) (JLC)

## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

## JURY TRIAL DEMANDED

3.     Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

4.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

5.     Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on April 27, 2018, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6.      Plaintiff ANGEL RIVERA at all times relevant herein was a resident of the State of New York, County of the Bronx.  Plaintiff is Latino / Hispanic.

7.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department (the NYPD) and to participate in the funding of, and the policymaking with regard to, the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK, which agencies act as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD and the funding and policymaking concerning the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK, and the employment of police employees and Office of the Special Narcotics Prosecutor employees, as said risk attaches to the public consumers of the services provided by the New York City Police Department and the Office of the Special Narcotics Prosecutor.

8.      Defendants ASSISTANT DISTRICT ATTORNEY KATHERINE GORA; SUPERVISING ASSISTANT DISTRICT ATTORNEY LISA DE PASQUALE; NYPD DETECTIVE LEANDRO CASTRO, Shield No. 02345; NYPD DETECTIVE ALVIN ROUNTREE, Shield No. 6143; NYPD LIEUTENANT CHRISTOPHER FASANO; NYPD DETECTIVE DORIS LOPEZ, Shield No. 10038; NYPD SERGEANT DOMINICK DESIERVI, Shield No. 03672; NYPD CAPTAIN GEORGE PIETROPINTO; NYPD SERGEANT HIRAM NIEVES, Shield No. 02446; NYPD DETECTIVE WILLIAM MARTIN, Shield No. 04854; NYPD DETECTIVE (retired) EMILIO BERMONTY, Shield No. 07933; NYPD DETECTIVE

3

JOSEPH TOWNSEND, Shield No. 05433; NYPD DETECTIVE "FNU" [First Name Unknown] MACDONALD;  NYPD DETECTIVE BIAGIO SANTANGELO, Shield No. 07734; NYPD DETECTIVE (retired) ERIC CHAN, Shield No. 00090; NYPD DETECTIVE NELSON PINELA, Shield No. 04915; NYPD DETECTIVE BRIAN O'KEEFE, Shield No. 04914; UNITED STATES HOMELAND SECURITY AGENT MIKE YUN; UNITED STATES HOMELAND SECURITY AGENT ROBERT DUNN; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK and/or the Office of the Special Narcotics Prosecutor.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or the Office of the Special Narcotics Prosecutor, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants ASSISTANT DISTRICT ATTORNEY KATHERINE GORA; SUPERVISING ASSISTANT DISTRICT ATTORNEY LISA DE PASQUALE; NYPD DETECTIVE LEANDRO CASTRO, Shield No. 02345; NYPD DETECTIVE ALVIN ROUNTREE, Shield No. 6143; NYPD LIEUTENANT CHRISTOPHER FASANO; NYPD DETECTIVE DORIS LOPEZ, Shield No. 10038; NYPD SERGEANT DOMINICK DESIERVI, Shield No. 03672; NYPD CAPTAIN GEORGE PIETROPINTO; NYPD SERGEANT HIRAM NIEVES, Shield No. 02446; NYPD DETECTIVE WILLIAM MARTIN, Shield No. 04854;

4

NYPD DETECTIVE (retired) EMILIO BERMONTY, Shield No. 07933; NYPD DETECTIVE

JOSEPH TOWNSEND, Shield No. 05433; NYPD DETECTIVE "FNU" [First Name Unknown]

MACDONALD;  NYPD DETECTIVE BIAGIO SANTANGELO, Shield No. 07734; NYPD

DETECTIVE (retired) ERIC CHAN, Shield No. 00090; NYPD DETECTIVE NELSON

PINELA, Shield No. 04915; NYPD DETECTIVE BRIAN O'KEEFFE, Shield No. 04914;

UNITED STATES HOMELAND SECURITY AGENT MIKE YUN; UNITED STATES

HOMELAND SECURITY AGENT ROBERT DUNN; and JOHN DOES, are sued individually.

9.      Defendants ASSISTANT DISTRICT ATTORNEY KATHERINE GORA;

SUPERVISING ASSISTANT DISTRICT ATTORNEY LISA DE PASQUALE; NYPD

DETECTIVE LEANDRO CASTRO, Shield No. 02345; NYPD DETECTIVE ALVIN

ROUNTREE, Shield No. 6143; NYPD LIEUTENANT CHRISTOPHER FASANO; NYPD

DETECTIVE DORIS LOPEZ, Shield No. 10038; NYPD SERGEANT DOMINICK DESIERVI,

Shield No. 03672; NYPD CAPTAIN GEORGE PIETROPINTO; NYPD SERGEANT HIRAM

NIEVES, Shield No. 02446; NYPD DETECTIVE WILLIAM MARTIN, Shield No. 04854;

NYPD DETECTIVE (retired) EMILIO BERMONTY, Shield No. 07933; NYPD DETECTIVE

JOSEPH TOWNSEND, Shield No. 05433; NYPD DETECTIVE "FNU" [First Name Unknown]

MACDONALD;  NYPD DETECTIVE BIAGIO SANTANGELO, Shield No. 07734; NYPD

DETECTIVE (retired) ERIC CHAN, Shield No. 00090; NYPD DETECTIVE NELSON

PINELA, Shield No. 04915; NYPD DETECTIVE BRIAN O'KEEFE, Shield No. 04914;

UNITED STATES HOMELAND SECURITY AGENT MIKE YUN; UNITED STATES

HOMELAND SECURITY AGENT ROBERT DUNN; and RICHARD ROES are and were at all

times relevant herein duly appointed and acting supervisory officers, servants, employees and

5

agents of THE CITY OF NEW YORK and/or the New York City Police Department and/or the

Office of the Special Narcotics Prosecutor, responsible for the training, retention, supervision,

discipline and control of subordinate members of the police department and/or the Office of the

Special Narcotics Prosecutor under their command.  Defendants are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and

functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF

NEW YORK and/or the Office of the Special Narcotics Prosecutor, were acting for, and on

behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and

the New York City Police Department and/or the Office of the Special Narcotics Prosecutor, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants ASSISTANT DISTRICT ATTORNEY

KATHERINE GORA; SUPERVISING ASSISTANT DISTRICT ATTORNEY LISA DE

PASQUALE; NYPD DETECTIVE LEANDRO CASTRO, Shield No. 02345; NYPD

DETECTIVE ALVIN ROUNTREE, Shield No. 6143; NYPD LIEUTENANT CHRISTOPHER

FASANO; NYPD DETECTIVE DORIS LOPEZ, Shield No. 10038; NYPD SERGEANT

DOMINICK DESIERVI, Shield No. 03672; NYPD CAPTAIN GEORGE PIETROPINTO;

NYPD SERGEANT HIRAM NIEVES, Shield No. 02446; NYPD DETECTIVE WILLIAM

MARTIN, Shield No. 04854; NYPD DETECTIVE (retired) EMILIO BERMONTY, Shield No.

07933; NYPD DETECTIVE JOSEPH TOWNSEND, Shield No. 05433; NYPD DETECTIVE

"FNU" [First Name Unknown] MACDONALD;  NYPD DETECTIVE BIAGIO

SANTANGELO, Shield No. 07734; NYPD DETECTIVE (retired) ERIC CHAN, Shield No.

00090; NYPD DETECTIVE NELSON PINELA, Shield No. 04915; NYPD DETECTIVE

BRIAN O'KEEFE, Shield No. 04914; UNITED STATES HOMELAND SECURITY AGENT

MIKE YUN; UNITED STATES HOMELAND SECURITY AGENT ROBERT DUNN; and

RICHARD ROES are sued individually.

## STATEMENT OF FACTS

10.　　On April 11, 2018, approximately 4 a.m., Plaintiff, his wife, and his son, were all

asleep at their home at 3182 Rochambeau Ave., # 4L, Bronx, NY.

11.　　Plaintiff was sleeping wearing nothing but his underwear.

12.　　Plaintiff was awoken by the constant ringing of his doorbell.

13.　　There were approximately 20 or 30 male, plainclothes John Does members of the

NYPD visible through the peephole.

14.　　One of the John Does (white, mid-30s) was wearing a jacket that said "ICE" on

the sleeve, and he may have worked for or with U.S. Immigration and Customs Enforcement.

15.　　Plaintiff opened the door.

16.　　When Plaintiff opened the door, a John Doe member of the NYPD (African-

American, with dreadlocks), without cause or justification, grabbed Plaintiff by the neck and

pushed Plaintiff into his apartment.

17.　　Plaintiff was immediately placed in handcuffs, without cause or justification, upon

the John Does rushing into his apartment.

18.　　Plaintiff was asking what was going on.

19.　　Another John Doe member of the NYPD (white and tall, likely over 6' tall),

without cause or justification, pointed his gun at Plaintiff.

20.　　The John Does kept asking where drugs were.

7

21.     Plaintiff responded that there must be some mistake, as there were no drugs in his home.

22.     The John Does, without cause or justification, took Plaintiff out into the hallway of his apartment building wearing nothing but his underwear, without permitting him to put on a shirt or any other clothes.

23.     Plaintiff was humiliated to be in his underwear in the hallway, visible to his neighbors through their peepholes.

24.     A John Doe (white, tall, likely 6' or taller), without cause or justification, put his hand on Plaintiff's face and pushed Plaintiff's head into the wall while Plaintiff was in the hallway.

25.     After keeping Plaintiff in the hallway for approximately 20 minutes, the John Does then brought Plaintiff back inside his apartment.

26.     The John Does, without cause or justification, took Plaintiff into his bedroom and illegally strip searched Plaintiff.

27.     A John Doe (white, approximately 5'10', salt and pepper hair, approximately in his 50s) pulled Plaintiff's underwear down  in the front so that his genitals were exposed to the view of that John Doe and other John Does present inside of Plaintiff's apartment.

28.     Plaintiff asked what they were doing that for, and was told to shut up.

29.     The John Does told Plaintiff that somebody had said that Plaintiff sells drugs, but the John Does would not respond to Plaintiff's inquiries about who (if anyone) had made that false accusation.

30.     Plaintiff was after some time permitted to put on clothes, and then was taken in

the John Does' custody to an NYPD precinct (which may have been a housing precinct, PSA-4) in lower Manhattan (at around 9th Street and Avenue C) and put into a cell.

31.     When he was removed from his home, Plaintiff asked the John Does to take his asthma pump with them for him to use if he needed it.

32.     The John Does took Plaintiff's asthma pump with them.

33.     Plaintiff was never shown a warrant while he was at his home, despite asking to see same.

34.     Plaintiff's wife was told that the warrant was coming.

35.     Plaintiff's wife was provided with a search warrant after Plaintiff was removed from his home.

36.     The warrant states that there is reasonable cause to believe that evidence of the commission of drug crimes, and conspiracy related thereto, may be found in Plaintiff's home.

37.     The warrant - which was signed by Criminal Court Judge Neil Ross on April 10, 2018 - authorized the search of Plaintiff's home, and the search of a person named "Angelo Rivera," if that person was found within Plaintiff's home.

38.     Plaintiff's first name is not "Angelo."

39.     Plaintiff's first name is "Angel."

40.     There was no reasonable justification for that search warrant having been applied for, as Plaintiff – and those who live with him - are completely law-abiding people with no connection whatsoever with the drug trade or other crimes.

41.     Defendant NYPD DETECTIVE LEANDRO CASTRO provided an affidavit in support of the application for the search warrant, and is listed on the NYPD arrest report as

9

Plaintiff's arresting officer.  Defendant NYPD SERGEANT DOMINICK DESIERVI, Shield No. 03672, is listed as the Supervisor Approving on the arrest report.

42.      On information and belief, ASSISTANT DISTRICT ATTORNEY KATHERINE GORA - an employee of the Office of the Special Narcotics Prosecutor for the City of New York - oversaw the search, and made the application for the search warrant.

43.      Plaintiff's home was illegally searched and ransacked by the John Does.

44.      Numerous items were unnecessarily destroyed during the search, and items were unnecessarily strewn all about Plaintiff's home.

45.      Other than a single "roach" - the already-smoked remnant of a marijuana joint – that was in an ashtray on a desk in Plaintiff's bedroom, there were not drugs, weapons, or contraband of any kind in Plaintiff's apartment, and no evidence of drug packaging, drug sale, or anything else having to do with drugs.

46.      The John Does kept trying to get the Plaintiff to "talk" and say where drugs were.

47.      The John Does also tried to get Plaintiff's wife to convince Plaintiff to "talk."

48.      Plaintiff was never informed of his <u>Miranda</u> rights.

49.      When Plaintiff was being taken to the NYPD precinct, a John Doe asked Plaintiff, in sum and substance, if Plaintiff prayed, and told Plaintiff that he should pray because Plaintiff was fucked.

50.      At the NYPD precinct Plaintiff felt his chest tightening, and asked John Does repeatedly to provide him with his asthma pump, to alleviate that.

51.      The John Does refused Plaintiff access to his asthma pump.

52.      After some time Plaintiff was brought to Manhattan Central Booking.

10

53.     Plaintiff asked repeatedly at Central Booking as well to be provided with his asthma pump, and continued to be repeatedly refused, despite the fact that Plaintiff was visibly having difficulty breathing.

54.     When Plaintiff saw a nurse at Central Booking, the nurse was able to prevail upon the John Doe who had Plaintiff's asthma pump to finally permit Plaintiff to use it.

55.     Plaintiff when he was at the precinct was also denied access to a bathroom, despite his requests for same, for a significant period of time until he was finally brought to a bathroom.

56.     Plaintiff was held him in custody for approximately 24 hours.

57.     Plaintiff was released without any charges of any kind being lodged against him, and without ever seeing a judge.

58.     The District Attorney's Office declined to prosecute Plaintiff.

59.      A Declination of Prosecution Form – signed by Defendant GORA, and by Defendant DE PASQUALE as the supervising Assistant District Attorney – states that the reason for the declination to prosecute was that the District Attorney's office was "Unable to Establish Necessary Element of Crime: Culpable Mental State."

60.     Plaintiff - who was not permitted by the John Does to bring a belt or shoelaces with him from his home - was released out the door of Central Booking in the early morning of April 12, 2018 onto the street of lower Manhattan with no belt and no shoelaces in his sneakers.

61.     Plaintiff also had on him no wallet, and no metrocard.

62.     Plaintiff had to walk home from lower Manhattan to the Bronx.

63.     A number of items of Plaintiff's property, including Plaintiff's cellular phone,

11

were seized by the John Does from Plaintiff's home.

64.    Plaintiff's cellular phone has to this date never been returned to him, despite a number of requests for same that have been made to both Defendant CASTRO and to employees of the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK.

65.    On NYPD property vouchers it states that Defendant ROUNTREE was the finder of the items that were seized from Plaintiff's home.

66.    Plaintiff also received a letter in the mail from Defendant GORA advising him that eleven eavesdropping warrants - authorizing interceptions from June 1, 2017 to May 5, 2018 - had been issued authorizing eavesdropping over cellular telephones, and that the Office of the New York City Special Narcotics Prosecutor believes that Plaintiff's communications were intercepted pursuant to some or all of those warrants.

67.    There was no reasonable justification for these eavesdropping warrants having been applied for, as Plaintiff – and those who live with him – are completely law-abiding people with no connection whatsoever with the drug trade or any other crimes.

68.    On information and belief – the source being Defendants' Initial Disclosures – Defendants NYPD LIEUTENANT CHRISTOPHER FASANO and NYPD DETECTIVE DORIS LOPEZ also committed, or caused the commission of, the violation of Plaintiff's rights. Defendants' Initial Disclosures describes these individuals as having knowledge "as to some or all of the alleged incident."

69.    The following Defendants are also listed on the NYPD's Search Warrant Plan Pre-Execution document as having been participants in the raid on Plaintiff's home: NYPD

12

CAPTAIN GEORGE PIETROPINTO (listed as the "overall supervisor"); NYPD LIEUTENANT

FASANO; NYPD SERGEANT HIRAM NIEVES, Shield No. 02446; NYPD DETECTIVE

WILLIAM MARTIN, Shield No. 04854 (listed as "bunker # 1"); NYPD DETECTIVE (retired)

EMILIO BERMONTY, Shield No. 07933 (listed as "bunker security # 2"); NYPD DETECTIVE

JOSEPH TOWNSEND, Shield No. 05433 (listed as "bunker # 2"); NYPD DETECTIVE "FNU"

[First Name Unknown] MACDONALD (listed as "bunker security # 2"); NYPD DETECTIVE

BIAGIO SANTANGELO, Shield No. 07734 (listed as "cuff and toss"; NYPD DETECTIVE

(retired) ERIC CHAN, Shield No. 00090 (listed as "cuff and toss"); NYPD DETECTIVE

NELSON PINELA, Shield No. 04915 (listed as "animal control"); NYPD DETECTIVE BRIAN

O'KEEFE, Shield No. 04914 (listed as "animal control"); UNITED STATES HOMELAND

SECURITY AGENT MIKE YUN (listed as "hospital auto"); UNITED STATES HOMELAND

SECURITY AGENT ROBERT DUNN (listed as "rear security").

70.     On information and belief, the Homeland Security Defendants were operating

under the leadership of, and as part of a joint task force operated under, the NYPD's Criminal

Enterprise Investigation Section.

## **FIRST CLAIM**

## **DEPRIVATION OF RIGHTS UNDER THE**
## **UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

71.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

72.     By their conduct and actions in falsely arresting and imprisoning plaintiff,

unlawfully strip-searching plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff

13

and his home, unlawfully obtaining a warrant for the search of plaintiff's home and executing it

improperly, converting plaintiff's property, abusing process against plaintiff, subjecting plaintiff

to unreasonable conditions of confinement, refusing to provide adequate medical care to plaintiff,

violating rights to equal protection of plaintiff, violating rights to due process of plaintiff

(including fabricating evidence), invading plaintiff's privacy and dignity, failing to intercede on

behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and

unconstitutional treatment they received at the hands of other defendants, Defendants

ASSISTANT DISTRICT ATTORNEY KATHERINE GORA; SUPERVISING ASSISTANT

DISTRICT ATTORNEY LISA DE PASQUALE; NYPD DETECTIVE LEANDRO CASTRO,

Shield No. 02345; NYPD DETECTIVE ALVIN ROUNTREE, Shield No. 6143; NYPD

LIEUTENANT CHRISTOPHER FASANO; NYPD DETECTIVE DORIS LOPEZ, Shield No.

10038; NYPD SERGEANT DOMINICK DESIERVI, Shield No. 03672; NYPD CAPTAIN

GEORGE PIETROPINTO; NYPD SERGEANT HIRAM NIEVES, Shield No. 02446; NYPD

DETECTIVE WILLIAM MARTIN, Shield No. 04854; NYPD DETECTIVE (retired) EMILIO

BERMONTY, Shield No. 07933; NYPD DETECTIVE JOSEPH TOWNSEND, Shield No.

05433; NYPD DETECTIVE "FNU" [First Name Unknown] MACDONALD;  NYPD

DETECTIVE BIAGIO SANTANGELO, Shield No. 07734; NYPD DETECTIVE (retired) ERIC

CHAN, Shield No. 00090; NYPD DETECTIVE NELSON PINELA, Shield No. 04915; NYPD

DETECTIVE BRIAN O'KEEFE, Shield No. 04914; UNITED STATES HOMELAND

SECURITY AGENT MIKE YUN; UNITED STATES HOMELAND SECURITY AGENT

ROBERT DUNN; JOHN DOES; and / or RICHARD ROES, acting under color of law and

without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a

reckless disregard for the natural and probable consequences of their acts, caused injury and

damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and

the United States Constitution, including its Fourth and Fourteenth amendments.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

74.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

75.     By their conduct in failing to remedy the wrongs committed by their subordinates

and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

ASSISTANT DISTRICT ATTORNEY KATHERINE GORA; SUPERVISING ASSISTANT

DISTRICT ATTORNEY LISA DE PASQUALE; NYPD DETECTIVE LEANDRO CASTRO,

Shield No. 02345; NYPD DETECTIVE ALVIN ROUNTREE, Shield No. 6143; NYPD

LIEUTENANT CHRISTOPHER FASANO; NYPD DETECTIVE DORIS LOPEZ, Shield No.

10038; NYPD SERGEANT DOMINICK DESIERVI, Shield No. 03672; NYPD CAPTAIN

GEORGE PIETROPINTO; NYPD SERGEANT HIRAM NIEVES, Shield No. 02446; NYPD

DETECTIVE WILLIAM MARTIN, Shield No. 04854; NYPD DETECTIVE (retired) EMILIO

BERMONTY, Shield No. 07933; NYPD DETECTIVE JOSEPH TOWNSEND, Shield No.

05433; NYPD DETECTIVE "FNU" [First Name Unknown] MACDONALD;  NYPD

15

DETECTIVE BIAGIO SANTANGELO, Shield No. 07734; NYPD DETECTIVE (retired) ERIC

CHAN, Shield No. 00090; NYPD DETECTIVE NELSON PINELA, Shield No. 04915; NYPD

DETECTIVE BRIAN O'KEEFE, Shield No. 04914; UNITED STATES HOMELAND

SECURITY AGENT MIKE YUN; UNITED STATES HOMELAND SECURITY AGENT

ROBERT DUNN; JOHN DOES; and / or RICHARD ROES caused damage and injury in

violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States

Constitution, including its Fourth and Fourteenth amendments.

76.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

77.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

78.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and through the Office of the Special Prosecutor of the City

of New York, and through the individual defendants, had de facto policies, practices, customs

and usages which were a direct and proximate cause of the unconstitutional conduct alleged

herein.

79.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and through the Office of the Special Prosecutor of the City

16

of New York, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

80.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the Office of the Special Prosecutor of the City of New York, and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

81.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the Office of the Special Prosecutor of the City of New York, and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing raids and arrests, particularly upon people of Hispanic or African-American ethnicity, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of search warrants and the use of information garnered through confidential informants, and of failing to properly train, supervise or discipline police supervisors and subordinate officers, and Assistant District Attorneys, to prevent them from failing to assure that proper procedures were implemented.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct

17

alleged herein.

82.     Defendant the CITY OF NEW YORK failed to provide any formal training to its police officers, either during the Police Academy or after, on the constitutional prohibitions on causing unnecessary and excessive damage during the execution of search warrants.

83.     Defendant the CITY OF NEW YORK maintained no written guidelines on the constitutional prohibitions on causing unnecessary and excessive damage during the execution of search warrants.

84.     Defendant the CITY OF NEW YORK knew to a moral certainty that its police officers would be required to obtain and execute search warrants, and the City empowered them to do so, and therefore the need to train officers in the constitutional limitations on how to obtain them and on causing unnecessary or excessive damage during the execution of a search warrant was obvious.

85.     The failure of defendant the CITY OF NEW YORK to train its police officers or provide guidelines to its officers in the constitutional prohibitions on obtaining, and on causing unnecessary and excessive damage during the execution of, search warrants amounts to deliberate indifference to the rights of persons with whom the police come into contact.

86.     Defendant the CITY OF NEW YORK implemented, enforced, encouraged, sanctioned and/or ratified policies, practices, and/or customs of failing to train its police officers and failing to implement guidelines on the constitutional prohibitions on obtaining, and on causing unnecessary and excessive damage during, the execution of search warrants.

87.     By implementing, enforcing, encouraging, sanctioning and/or ratifying these policies, practices, and/or customs, defendant the CITY OF NEW YORK caused the Plaintiff to

lose his privacy, dignity, and liberty, and to be subjected to excessive and/or unnecessary destruction of property during the search of his home, and deprived of property without due process of law, in violation of his rights guaranteed to every citizen of the United States by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

88.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT

89.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

90.     Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

91.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency …."

92.     The ADA provides that the "remedies, procedures, and rights" of Section 504

19

"shall be the remedies procedures, and rights" provided to plaintiffs under the ADA. 42 U.S.C. § 12133.

93.     Plaintiff was and is a "qualified individual," with a physical disability that substantially limited his physical abilities.

94.     The CITY OF NEW YORK, the NYPD, and the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK, were and are entities that must comply with Section 504 and the ADA.

95.     The individual Defendants were and are individuals who are employed by, associated with or otherwise acting as authorized representatives or agents of the CITY OF NEW YORK, the NYPD, and the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK.

96.     At all times herein mentioned, the above-named defendants, and each of them, were the agents, representatives, principals and/or employees of the CITY OF NEW YORK, the NYPD, and the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK,  and, in doing the things alleged herein, were acting within the course and scope of said agency or employment.

97.     The CITY OF NEW YORK, the NYPD, and the OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK receive federal financial assistance.

98.     Defendants knew or should have known that plaintiff was disabled.

99.     Defendants subjected plaintiff to discrimination on the basis of his physical handicaps.

100.    Defendants failed to reasonably accommodate plaintiff's disabilities.

101.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE
CITY OF NEW YORK
FOR STATE LAW VIOLATIONS**

102.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

103.    The conduct of the individual defendants alleged herein, occurred while they were on duty and / or in uniform, and / or in and during the course and scope of their duties and functions as police and District Attorney's office personnel, and / or while they were acting as agents and employees of the defendant the CITY OF NEW YORK, and, as a result, the defendant CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

104.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### SIXTH CLAIM

**FALSE ARREST AND FALSE IMPRISONMENT**

105.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

21

106.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

107.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### ASSAULT AND BATTERY

108.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

109.    By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

110.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

111.    The plaintiff incorporates by reference the allegations set forth in all previous

22

Paragraphs as if fully set forth herein.

112.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

113.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENCE

114.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

115.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

116.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

117.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

118.    Defendant the CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

119.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

**<u>ELEVENTH CLAIM</u>**

**ABUSE OF PROCESS**

120.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

121.    By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

122.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### TRESPASS

123.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

124.    The defendants willfully, wrongfully and unlawfully trespassed upon the home and person of plaintiff.

125.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

126.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

127.    Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11, and 12 of the New York State Constitution.

128.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

25

129.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

### CONVERSION / REPLEVIN

130.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

131.    Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

132.    Plaintiff demands that his cellular phone be returned to him forthwith.

133.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

### Constitutional Claims Againt The Homeland Security Officer Defendants

134.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26

135.    The actions of the Homeland Security Officer Defendants violated Plaintiff's right to be free from unlawful seizures in violation of the Fourth Amendment to the United States Constitution and deprived plaintiff of liberty and property without due process of law in violation of the Fifth Amendment to the United States Constitution.

136.    The acts and conduct of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

137.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  The return of his cellular telephone to him;

f.  Such other and further relief as this court may deem appropriate and equitable.

27

Dated:          New York, New York
                August 14, 2020

                                        _____/S/_____

                                        JEFFREY A. ROTHMAN, Esq.
                                        Law Office of Jeffrey A. Rothman
                                        305 Broadway, Suite 100
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff